## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DAVID LEE FRANKLIN,**
     **Plaintiff,**

**vs.**                                     **Case No. 3:10cv6/WS/MD**

**RANDY TIFT, et al.,**
     **Defendants.**

---

### REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 7). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

### BACKGROUND

Plaintiff is an inmate of the Florida penal system currently confined at Union Correctional Institution. He was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to his complaint. His amended complaint names five defendants: Randy Tift, Warden of Santa Rosa CI; Walter McNeil, Secretary of the Florida Department of Corrections ("FDOC"); Gene Hatcher, Inspector with the FDOC; Dr. R.D. Collins, Chief Health Officer of Santa Rosa CI; and M. Hardin, Senior Registered Nurse at Santa Rosa CI. Plaintiff claims his Eighth Amendment rights were violated when he was raped by another inmate on February 5, 2009. The allegations of the amended complaint are as follows.

On February 5, 2009, unidentified staff at Santa Rosa CI ordered plaintiff to pack up his property because he was "switching roommates" and moving to a different cell. Upon arriving at his new cell plaintiff began unpacking his property. His new cellmate, Inmate Bush, told plaintiff that "the officials made a plan to have [plaintiff] raped without interruptions." (Doc. 7, p. 9). Plaintiff responded that he was not gay, and moved toward the cell door. Inmate Bush pulled plaintiff back and ordered him to sit on the top bunk. Plaintiff complied. After a period of time dinner arrived, but Bush did not allow plaintiff to eat. After dinner, Bush told plaintiff that he "paid a lot of money so he can have sex with [plaintiff] that night." (*Id.*). When plaintiff refused, Bush yanked plaintiff off the top bunk and raped him. Plaintiff cleaned himself with toilet paper and slipped the soiled paper under his mattress. The following day, plaintiff "went to group" and reported the rape. He was taken to the medical department where he was assessed, provided medication, and seen by a Sexual Assault Response Team ("SART") who collected a rape kit. Copies of plaintiff's medical records are attached to the original and amended complaints. The records indicate that Dr. Collins and Nurse Hardin provided the medical care. (*Id.*, p. 8; *see also* Doc. 1, pp. 11-14). Inspector Hatcher took plaintiff's statement and collected the soiled toilet paper. Based on the foregoing allegations, plaintiff asserts Eighth Amendment claims against defendants Tift, McNeil, Hatcher, Collins and Hardin, arguing that unidentified prison staff were paid to place plaintiff in Inmate Bush's cell, that "this event wouldn't of happened if the plan wasn't a plan," and that he was denied adequate medical care because he was not taken to an emergency room. (*Id.*, pp. 9-10). As relief, plaintiff seeks monetary damages. (*Id.*, p. 10).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Taking the allegations of the amended complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible § 1983 claim against any of the named defendants.

**Failure to Protect**

While it is true that prison officials have a duty to protect prisoners from violence at the hands of other prisoners, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety. *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994). To be held liable for failing to prevent an attack from another inmate, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety," *id.*, 511 U.S. at 837, 114 S.Ct. at 1979. The official must be subjectively aware of the risk of harm, *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003), meaning that he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Farmer*, 511 U.S. at 842-43, 114 S.Ct. at 1981. A mere negligent failure to protect an inmate does not state a claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

It must also be shown that the prison official responded to the risk in an objectively unreasonable manner. *Cottone*, 326 F.3d at 1358 (citing *Farmer*, 511 U.S. at 834, 844-45); *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1027 (11th Cir. 2001) ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk."). The officer must have a realistic opportunity to prevent the illegal conduct. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-83.

To the extent plaintiff asserts personal participation claims against the defendants, such claims must fail because the amended complaint does not allege that any defendant personally participated in the alleged unconstitutional conduct (the alleged arranged assault or a failure to protect).  For the same reason, the amended complaint does not establish that any of the named defendants had the subjective knowledge of a risk of serious harm to plaintiff and disregarded that risk. Plaintiff neither claims nor alleges facts to suggest that the named defendants knew Inmate Bush posed an excessive risk to plaintiff's safety.  Although Bush allegedly told plaintiff he had paid officers to facilitate the rape, plaintiff does not suggest that any of the named defendants were involved in, or aware of, the alleged plan. Subjective knowledge cannot be imputed.  *See Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).  Moreover, plaintiff neither claims nor alleges facts to suggest that after he arrived at Inmate Bush's cell, he made any defendant aware of Bush's threats.

To the extent plaintiff asserts supervisor liability claims, his amended complaint does not allege a causal connection between the allegedly unconstitutional conduct and the defendants' supervisory actions, such as failure to act in the face of notice of widespread abuse, the implementation of a custom or policy, or a direction to subordinates.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (listing the ways to show a causal connection in a supervisory liability case); *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007) (same).  And to the extent plaintiff seeks to impose liability on a theory of *respondeat superior* or vicarious liability, those claims must fail.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.") (internal quotation marks and citation omitted).  In light of the foregoing, plaintiff's Eighth Amendment claims based on the assault must be dismissed.

## Medical Treatment

Similarly, plaintiff's amended complaint fails to state a plausible claim of medical deliberate indifference by any defendant.   To prevail on a deliberate indifference to serious medical need claim, plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."   *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). To prove the requisite intent, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."   *Danley v. Allen*, 540 F.3d 1298, 1312 (11th Cir. 2008).  Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care, *Murrell v. Bennett*, 615 F.2d 306, 310, n. 4 (5th Cir. 1980), as mere negligence is not enough to violate the Constitution. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  *Harris v. Thigpen*, 942 F.2d 1495, 1507 (11th Cir. 1991) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law."   *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).

Here, construing plaintiff's amended complaint liberally, he has alleged a serious medical condition.  However, even with a liberal construction plaintiff's amended complaint does not allege sufficient facts to show that Dr. Collins, Nurse Hardin, or any other defendant was deliberately indifferent to that serious medical need.  The allegations of the complaint, including the attached medical records, demonstrate that once Nurse Hardin and Dr. Collins became aware of the assault,

they provided prompt medical attention, including performing a sexual assault assessment and physical examination, calling a Sexual Assault Response Team to collect a rape kit, collecting samples, and administering medication. (Doc. 7, p. 8; *see also* Doc. 1, pp. 11-14). After plaintiff declared a mental health emergency, Nurse Hardin and Dr. Collins placed him in a special dormitory for observation. (Doc. 7, pp. 8, 9). Plaintiff fails to explain how this care was inadequate or objectivley unreasonable. He merely contends, without explanation, that he should have been transported to an emergency room.

Conclusion

Although there appears to be no doubt that plaintiff was sexually assaulted, the allegations of the amended complaint fail to state a plausible Eighth Amendment claim against any of the named defendants. Therefore, this suit should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 27th day of May, 2010.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).